### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

JOE MAIER,

    Plaintiff,

      v.

LEA NETWORKS LLC,
and YVES BOUGET,
individually,

    Defendants.

Case No. 14-cv-5890

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

## COMPLAINT

Plaintiff, Joe Maier ("Plaintiff"), by and through his attorneys, Caffarelli and Siegel, Ltd.,
for his Complaint against LEA Networks LLC, a subsidiary of HF Company, ("LEA" or "the
Company") and its sole shareholder Yves Bouget, states as follows:

### NATURE OF THE CASE

1.   This lawsuit arises under the Illinois Whistleblower Act, 740 Ill. Comp. Stat. 174/1
*et seq*., the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq*.
("IWPCA"), and common law breach of contract in the alternative to the IWPCA.  Maier also
brings an alternative claim under the Attorneys' Fees in Wage Actions Act, 705 Ill. Comp. Stat. 225
("AFWAA") to recover attorneys' fees in the event that any of his contract wages are not
considered wages as defined by the IWPCA, as a matter of law.  The claims are based upon LEA
and Mr. Bouget's termination of Maier's employment without the required six-month advance
notice under the terms of his employment contract, for refusing to make a false statement to the
United States Department of Homeland Security and enter the United States illegally.

## JURISDICTION AND VENUE

2.      The court has jurisdiction pursuant to 28 U.S.C. § 1332 because this matter is an action between citizens of different states and the amount in controversy is more than $75,000.

3.      Plaintiff performed work for LEA in this District, and LEA is headquartered within Cook County in the State of Illinois.  Accordingly, venue in the Northern District of Illinois, Eastern Division, is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Joe Maier is a citizen of Canada residing in Vancouver, Canada.

5.      LEA Networks is a wholly-owned subsidiary of the HF Company, a French-based technology company.  LEA is headquartered in the village of Skokie in Cook County, Illinois.

6.      Yves Bouget is the President and General Director of HF Company, as well as the sole shareholder for LEA Networks.  He is a citizen of France residing in Tours, France.

## FACTS

7.      In June of 2012, Joe Maier entered into a contract entitled "Employment Agreement" ("Agreement") with LEA.  See Exhibit A.  The Agreement contains a clause requiring "six (6) months' written notice [prior to] termination."

8.      During his employment with LEA, Maier devoted his best efforts, faithfully executed his job duties, and otherwise complied with his obligations under the Agreement.

9.      On December 20, 2013, LEA provided Maier with a written notice, signed by Yves Bouget, that LEA was terminating his employment stating that "[y]our contractual notice period of 6 months starts as from the reception date of this letter," and imposing additional duties for Maier to perform during the six-month notice period, including working in the United States.

10.      In his December 20, 2013 letter, Bouget also demanded that Maier "inform the

2

relevant Immigration Authorities of the fact that your employment with LEA Netwoks [sic] in the United States has come to an end.

11.     On January 7, 2014, Maier acknowledged receiving the notice of termination and requested clarification regarding certain issues.  Maier specifically stated:

> If I follow your instructions to 'inform the relevant Immigration Authorities of the fact that your employment with LEA Networks in the United States has come to an end' my visa status may be immediately revoked and this may prevent me from entering the United States to work for the remainder of the notice period. Technically, my employment has not come to an end until the end of the notice period (unless you wish to provide pay in lieu of notice).  In light of the above, please let me know how I should proceed.

12.     On January 15, 2014, Bouget sent Maier a letter refusing to provide the clarification that Maier had requested, wrongfully accusing Maier of insubordination, and wrongfully terminating Maier "for cause."  Bouget also indicated that Maier's employment "terminates immediately on reception [sic] of this letter with no other compensation."  True to Bouget's threat, Maier did not receive any wages after January 15, 2014.  Maier was not insubordinate and did not engage in conduct that would warrant termination "for cause."

13.     On July 24, 2014, Maier's counsel sent LEA's counsel a demand pursuant to the AFWAA.  As of the date that this lawsuit was filed, Maier has not received a response.

### I – ILLINOIS WHISTLEBLOWER ACT

14.     Plaintiff incorporates paragraphs 1 through 13 as if fully rewritten herein.

15.     At all relevant times, Maier was an employee of LEA and Bouget, as defined by the Illinois Whistleblower Act.

16.     At all relevant times, LEA and Bouget were employers of Maier, as defined by the Illinois Whistleblower Act.

17.     The Illinois Whistleblower Act, 740 Ill. Comp. Stat. 174/20 ("IWA"), provides

that "[a]n employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation . . . ."

18.     It is a violation of federal law to make a false statement in connection with obtaining a visa or entering the United States.  See 18 U.S.C. § 1546.  It is also a violation of federal law for a Canadian citizen to work in the U.S. without the proper authorization.

19.     By conditioning Maier's continued employment on working in the United States yet directing him to inform the U.S. Department of Homeland Security that his employment "had come to an end," and then terminating Maier for refusing to violate federal immigration law, LEA violated the Illinois Whistleblower Act, 740 Ill. Comp. Stat. 174/20.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, including:

A.     Awarding Plaintiff any amounts he would have earned under the Agreement had he not been unlawfully terminated by Defendant;

B.     Awarding Plaintiff back pay, with interest;

C.     Awarding Plaintiff compensatory damages;

D.     Awarding attorneys' fees and costs of this action to Plaintiff under the fee-shifting provisions of the Illinois Whistleblower Act; and

E.     Such other and further relief as this Court deems just under the circumstances.

### II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

20.     Plaintiff incorporates paragraphs 1-19 as though fully restated herein.

21.     The Agreement is governed by the IWPCA.  The IWPCA defines wages due to an employee as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . . ."  820 Ill. Comp. Stat. 115/2.

4

22.     Under the IWPCA, employers must pay separated employees all final compensation.  820 Ill. Comp. Stat. 115/5.

23.     By terminating Maier's employment and refusing to pay his wages due during the notice period of the Agreement, Defendants violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against all Defendants, including:

A.     Awarding judgment against Defendants for all unpaid wages;

B.     Awarding prejudgment interest in accordance with 815 Ill. Comp. Stat. 205/2;

C.     Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

D.     Awarding reasonable attorneys' fees and costs incurred in this action under the fee-shifting provisions of the IWPCA; and

E.     Such other and further relief as this Court deems just under the circumstances.

### III – BREACH OF CONTRACT, IN THE ALTERNATIVE TO COUNT II

24.     Plaintiff incorporates paragraphs 1-23 as though fully restated herein.

25.     To the extent that any wages or other compensation owed under the Agreement is not considered "wages" as a matter of law or otherwise recoverable under the IWPCA, Plaintiff claims such wages or compensation under a theory of breach of contract, in the alternative.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant LEA, including:

A.     Awarding Plaintiff any wages or compensation that he should have received under the Agreement that is not subject to the IWPCA; and

B.     Such other and further relief as this Court deems just under the circumstances.

5

## IV – ATTORNEYS' FEES IN WAGE ACTIONS ACT, IN THE ALTERNATIVE TO ATTORNEYS' FEES RECOVERED UNDER COUNT II

26. Plaintiff incorporates paragraphs 1-25 as though fully restated herein.

27. Although Plaintiff sent a written demand as required under the AFWAA, he did not receive any of the wages he demanded.

28. To the extent Plaintiff is awarded any compensation under Count III, Plaintiff also brings this claim for attorneys' fees under the AFWAA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant LEA, including:

A. Awarding Plaintiff his attorneys' fees and costs under the AFWAA to the extent the Court awards any damages under Count III; and

B. Such other and further relief as this Court deems just under the circumstances.

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Dated: July 31, 2014                    RESPECTFULLY SUBMITTED,

Alejandro Caffarelli, #06239078          JOE MAIER
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150              BY: /s/ Alejandro Caffarelli
Chicago, IL  60601                           Attorney for Plaintiff
Tel. (312) 540-1230